STATE OF WEST VIRGINIA

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **B.H., M.H., C.H.-1, E.H., and C.H.-2**

**No. 20-0497** (Randolph County 19-JA-127, 19-JA-128, 19-JA-129, 19-JA-130, and 19-JA-131)

**MEMORANDUM DECISION**

Petitioner Mother T.G., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's February 25, 2020, order terminating her parental rights to B.H., M.H., C.H.-1, E.H., and C.H.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner's home was in deplorable condition due to her substance abuse. The DHHR alleged that the home was so cluttered that the kitchen had no clean place to prepare food and the living room did not have a clear path to walk through. According to the DHHR, "piles of garbage, clothing, toys, and other objects nearly reached the ceiling." The home had "little to no food" despite petitioner receiving over "$700 in SNAP benefit assistance" per month. Additionally, the home lacked running water. The DHHR further alleged that the children suffered from various developmental delays: five-year-old E.H. and three-year-old C.H.-1 "were only able to speak a few simple words such as baby, yes, and no;" E.H. was still wearing diapers; petitioner had been

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, as two of the children share the same initials, we refer to them as C.H.-1 and C.H.-2, respectively, throughout this memorandum decision.

1

homeschooling the children, but none of the children could read or write, including ten-year-old B.H. and eight-year-old M.H.

Petitioner admitted that the children had not been seen by a medical provider in "at least the last [two to three] years," despite some concerning medical issues. The DHHR alleged that C.H.-2 was born at home so that petitioner could "avoid having to complete urine screens" and had never had a medical evaluation. This child "ate incessantly for the first several hours" following removal from petitioner's care. Upon medical examination, C.H.-2's age was estimated to be five months old and weighed eleven pounds. The DHHR worker learned from B.H. that E.H. "had not been right since he had a seizure." Petitioner was "upset" by the disclosure, but she confirmed that E.H. had a seizure disorder. Additionally, the worker observed that E.H. had some vision impairment and "cover[ed] one eye with his hand" while talking with the worker and looking at the worker's phone. Petitioner waived her preliminary hearing, and the circuit court ordered her to participate in random drug screening through the "Call-To-Test" program. The circuit court also ordered the DHHR to provide petitioner supervised visitation with the children subject to negative drug screen results.

In December of 2019, petitioner stipulated to the facts set forth in the petition and waived her right to an adjudicatory hearing. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. Thereafter, petitioner moved for a post-adjudicatory improvement period, and the DHHR moved to terminate petitioner's parental rights.

The circuit court held the final dispositional hearing in February of 2020. Petitioner testified that she would fully participate in the terms of an improvement period, however, she admitted that she missed multidisciplinary team meetings related to the case. Petitioner asserted that she ceased her unprescribed Suboxone use in October of 2019, but she acknowledged that she did not comply with random drug screening and made no effort to obtain any treatment for her addiction. Although petitioner contended that she made several improvements to the home, she failed to report the improvements to the DHHR prior to the hearing and provided no evidence to support her assertion. The DHHR presented evidence that petitioner initially complied with random drug screening in October of 2019, and that she was positive for Buprenorphine on five of the nine screens that she submitted. Petitioner missed twenty-six screens in two months, at which point she abandoned the program in December of 2019.

Ultimately, the circuit court found that petitioner had not "complied with something as simple as making a telephone call every morning as required by the Call-to-Test program, which was ordered" and had not screened a single time since the adjudicatory hearing. Further, the circuit court found the conditions of "extreme neglect" that the children were subjected to damaged them "physically, developmentally, emotionally and potentially mentally" and the granting of an improvement period was not in their best interests. Accordingly, the circuit court denied petitioner's motion for a post-adjudicatory improvement period. The circuit court also found there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated petitioner's parental rights to the children by its

2

February 25, 2020, order. Petitioner now appeals that order arguing that the circuit court erred in denying her motion for a post-adjudicatory improvement period.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

According to petitioner, she proved by clear and convincing evidence that she would substantially comply with the terms of her improvement period through her testimony. Petitioner acknowledges her "very poor[]" compliance with random drug screening, but she asserts that her testimony regarding her discontinued use of unprescribed buprenorphine and improvements to the home "showed at least some degree of her intention to participate in an improvement period." Upon our review, we find petitioner is entitled to no relief.

West Virginia Code § 49-4-610(2)(B) provides that a circuit court may grant a parent a post-adjudicatory improvement period when she "demonstrates, by clear and convincing evidence, that [she] is likely to fully participate in the improvement period." It is well established that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015). "Additionally, if a parent is unable to demonstrate an ability to correct the underlying conditions of abuse and/or neglect in the near future, termination of parental rights may proceed without the utilization of an improvement period." *In re Charity H.*, 215 W. Va. 208, 216, 599 S.E.2d 631, 639 (2004).

Here, petitioner failed to prove that she was likely to fully participate in an improvement period. Despite this contention, petitioner failed to participate in the services that were provided to her, namely random drug screening, and produced no evidence, other than her testimony, that she would actually participate in services if an improvement period was granted. Further, petitioner does not challenge the circuit court's finding that an improvement period would not be in the children's best interests.

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for the children is adoption in their respective placements with sibling visitation.

Recently, this Court reiterated that "[o]nly where such an improvement period does not jeopardize a child's best interest should one be granted." Syl. Pt. 3, in part, *State ex rel. W. Va. Dep't of Health and Human Res. v. Dyer*, 242 W. Va. 505, 836 S.E.2d 472 (2019). We have also held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4. Due to the children's tender ages and the extreme neglect they faced while in petitioner's care, we find the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

Finally, to the extent that petitioner's vaguely asserts that the circuit court erred in terminating her parental rights, we find no error. Petitioner's argument on this alleged error is woefully inadequate, both in terms of complying with this Court's rules and in terms of attempting to establish error by the circuit court. Specifically, petitioner fails to cite to a single legal authority that would entitle her to relief in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure.[3] As this Court has held, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Critically, petitioner does not argue that the circuit court's findings of fact upon which termination was based were erroneous. Accordingly, petitioner is entitled to no relief on appeal because she fails to identify any alleged error on the part of the circuit court in terminating her parental rights. Nevertheless, upon our review, we find that the circuit court had ample evidence upon which to base its findings that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit

---

[3]Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides as follows:

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

courts may terminate parental rights upon these findings. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that termination of parental rights, "the most drastic remedy" in abuse and neglect cases, may be employed "when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Petitioner's failure to cite to any evidence or authority supporting her position is fatal to this assertion of error, and we therefore find that she is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 25, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison